■ MARK LEVON HELM, Professionally Known as LEVON HELM, Appellant, v BBDO WORLDWIDE, INC., Respondent. [938 NYS2d 892]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered August 5, 2010, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing plaintiff's cause of action under New York Civil Rights Law § 51 and denied plaintiff's motion for partial summary judgment on the section 51 claim, unanimously affirmed, without costs.

Plaintiff's claim under New York Civil Rights Law § 51, which prohibits the use of a person's "name, portrait, picture or voice" for advertising or trade purposes without written consent, was properly dismissed. By contract, plaintiff broadly granted his record company the "exclusive and perpetual right to use and control" plaintiff's sound recordings and the "performances embodied therein," which included the recording that was licenced to and used by defendant in a third-party television commercial. Although plaintiff claims that he never gave written consent for the use of his voice, as it is embodied in that recording, for the instant advertising purpose, he unambiguously authorized defendant to license the recording in the contract (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Román, JJ.